**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-21341-RAR**

**UNITED NATIONAL INSURANCE COMPANY**,

    Plaintiff,

v.

**BLUE LAGOON CONDOMINIUM ASSOCIATION, INC.**,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT**

**THIS CAUSE** comes before the Court on Plaintiff United National Insurance Company's ("United National") Motion for Default Final Judgment and Incorporated Memorandum of Law ("Motion") filed on July 27, 2023, [ECF No. 16]. Having carefully reviewed the Motion, the court record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 16], is **GRANTED** as set forth herein. In accordance with Fed. R. Civ. P. 58, final judgment shall be entered separately in favor of Plaintiff as to all counts in the Complaint, [ECF No. 1].

**BACKGROUND**

*A. Factual Background*

This action arises from a first-party coverage dispute in connection with a claim submitted by Defendant Blue Lagoon Condominium Association, Inc. ("Blue Lagoon") for a fire loss that occurred on or about November 20, 2018 and assigned Claim Number 18004904 by United National ("Fire Claim"), at the property located at 5077-5099 NW 7th Street, Miami, FL 33126

("Insured Premises"). *See generally* Compl. As Exhibit A in support of its Motion, United National also attaches and incorporates the Affidavit of John J. Malone ("Malone Affidavit"), [ECF No. 16-1]. Mr. Malone is a Senior Claims Examiner with Global Indemnity Group ("Global Indemnity"), which is the corporate parent of United National. Malone Aff. ¶ 4. As Exhibit B in support of its Motion, Plaintiff attaches and incorporates the "Detail by Entity Name" summary for Blue Lagoon Condominium Association, Inc. from the publicly available Florida Department of State, Division of Corporations website ("Blue Lagoon Entity Summary"), [ECF No. 16-2], which Plaintiff last confirmed on July 27, 2023. Mot. at 2.

By its Complaint and this Motion, Plaintiff sets forth three separate causes of action for declaratory relief concerning Blue Lagoon's entitlement to coverage under its first-party property insurance policy in connection with the Fire Claim noted above. *See generally* Compl. Plaintiff, by its Complaint, asserts through its three causes of action for declaratory relief that Blue Lagoon is not entitled to any coverage. Compl. ¶¶ 36–45, 47–57, 59–73; Mot. at 4–9.

### B. Procedural Background

United National initiated this action on April 10, 2023 by filing its Complaint. [ECF No. 1]. According to the records Defendant maintains with the Florida Department of State, Division of Corporations, on August 19, 2022, Blue Lagoon designated SBK Legal as its authorized registered agent. [ECF No. 16-2] at 2. Pursuant to Fed. R. Civ. P. 4, Blue Lagoon was timely served with a summons and copy of the Complaint on June 28, 2023, with service upon SBK Legal. *See* Return of Service Affidavit, [ECF. No 8]. Accordingly, Blue Lagoon's deadline to respond to the Complaint was July 19, 2023, 21 days after service of the summons and a copy of the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). As a result of Blue Lagoon's failure to respond to the Complaint or otherwise defend itself in this action, on July 20, 2023, United National moved

for a Clerk's Entry of Default against Blue Lagoon, [ECF No. 12], which the Clerk entered the same day. [ECF No. 13]. On July 21, 2023, after the Clerk's Entry of Default, this Court issued an Order Requiring Motion for Default Judgment ("Default Order"), [ECF No. 14] and directed the Clerk to administratively close the case. Default Order at 2. The Default Order also directed United National to file its Motion for Default Final Judgment within 10 days of the entry of that Order. *Id.* at 1. United National timely complied on July 27, 2023. *See* [ECF No. 16].

## LEGAL STANDARD

A party may apply to the court for a default judgment when the defendant fails to timely respond to a pleading. Fed. R. Civ. P. 55(b)(2). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205 (5th Cir. 1975)). However, conclusions of law are to be determined by the court. *See Mierzwicki v. CAB Asset Mgmt., LLC*, No. 14-61998, 2014 WL 12488533, at *1 (S.D. Fla. Dec. 30, 2014). Therefore, a court may enter a default judgment only if there is a "sufficient basis to state a claim." *Id.*

## ANALYSIS

### I. Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure for obtaining default judgment." *Federated Life Ins. Co. v. Fifth Third Bank*, No. 2:14-cv-568-FtM-38CM, 2015 WL 859393, at *1 (M.D. Fla. Feb. 27, 2015). First, the clerk of the court must enter a clerk's default against a defendant that fails to plead or otherwise defend a lawsuit. *Id.*; *see* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court can enter a default judgment

provided the defendant is not an infant or incompetent. *Id.*; Fed. R. Civ. P. 55(b)(2); *see also Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986) (stating a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue"). But "[a]n entry of a clerk's default does not per se warrant an entry of default judgment. Rather, a court may enter a default judgment only if 'the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.'" *Federated Life*, 2015 WL 859393, at *2 (quoting *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)).

### A. The Clerk's Entry of Default

Both requirements of the two-step procedure explained above are clearly met here. First, Blue Lagoon was timely served as of June 28, 2023. *See* Return of Service Affidavit, [ECF No. 8]. But Blue Lagoon has yet to file a single responsive filing in this action, nor has any counsel appeared on its behalf. *See generally* Docket. Second, Blue Lagoon is not a minor or incompetent; thus, the restrictions set forth in Rule 55(b)(2) do not apply. Third, as a Florida not-for-profit corporation and not an individual, Blue Lagoon cannot be in the military service of the United States nor any of its allies; thus, the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. § 521(b), are similarly inapplicable. *See* Blue Lagoon Entity Summary. Accordingly, the Clerk properly entered a Default against Blue Lagoon on July 20, 2023. *See* [ECF No. 13].

### B. The Complaint's Factual Allegations and Requested Relief

But that is not the last step on the circuitous path to final default judgment. As mentioned above, "a court may enter a default judgment only if 'the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there

is a substantive, sufficient basis in the pleadings for the particular relief sought.'" *Federated Life*, 2015 WL 859393, at *2; *see* Fed. R. Civ. P. 55(b)(2). In its Complaint, United National adequately states a cause of action for declaratory judgment against Blue Lagoon as to each of its three counts.

### 1. *Entitlement to Declaratory Judgment (Counts I-III)*

A claim for declaratory judgment requires the following elements: "(1) there is a bona fide dispute between the parties; (2) the plaintiff has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege, or as to some fact upon which the existence of such right, status, immunity, power or privilege does or may depend; (3) the plaintiff is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the declaration." *Nielson Golden Crab Fishery v. Butterworth*, No. 10-61091, 2011 WL 3293357, at *2 (S.D. Fla. Aug. 1, 2011).

Here, the Complaint adequately alleges a cause of action for declaratory judgment under each of its three counts, and there is a sufficient basis in the Complaint for the relief sought. Within each of the three counts for declaratory judgment, United National alleged—and Blue Lagoon has admitted by way of its default—that: (1) there is a bona fide dispute between them; (2) that United National has a justiciable question as to the existence or non-existence of some right, status, immunity, power or privilege; (3) that United National is in doubt as to the right, status, immunity, power or privilege; and (4) there is a bona fide, actual, present need for the requested declaration. *See* Compl. ¶¶ 37–45, 47–57, 59–73.

As to Count I, Blue Lagoon is deemed to have admitted the following facts by its default: (1) "the Policy's Replacement Cost Optional Coverage provision leaves no mistake that there is no coverage available for Replacement Cost until the lost or damaged property is actually repaired or replaced and unless the repairs or replacement are made as soon as reasonably possible after the

loss or damage"; (2) "Blue Lagoon is seeking Replacement Cost coverage under the Policy for the Fire Claim"; and (3) because "the fire loss occurred at the Insured Premises on November 20, 2018," "the loss and/or damage relating to the Loss has not been actually repaired or replaced," and "more than 4 years has passed from the date of the Loss, and Blue Lagoon has not actually repaired or replaced the damaged property at the Insured Premises, Blue Lagoon is not entitled to Replacement Cost coverage under the Policy."  Compl. ¶¶ 37–41.

As to Count II, Blue Lagoon is deemed to have admitted the following facts by its default: (1) "[i]n the event of a covered peril under the Policy, the Policy's Loss Payment condition states that United National may, among other things, pay the value of lost or damaged property or pay the cost of repairing or replacing the lost or damaged property"; (2) the "Policy's Valuation condition states that United National will determine the value of Covered Property in the event of loss or damage at Actual Cash Value as of the time of loss or damage.  However, the Policy's Valuation condition is modified by the Replacement Cost condition, which states, in part, that Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation condition"; (3) "[t]he Replacement Cost condition further states that Blue Lagoon may make a claim for loss or damage on an Actual Cash Value basis instead of on a Replacement Cost basis. In the event that Blue Lagoon chooses to make a claim on an Actual Cash Value basis, however, Blue Lagoon must communicate that election to United National"; (4) "[i]n connection with the Fire Claim, Blue Lagoon submitted a Replacement Cost claim to United National"; (5) "Blue Lagoon's decision to pursue a Replacement Cost claim of the Fire Claim is confirmed, under oath, via its October 11, 2019 Proof of Loss and also via submission of the Al Brizuela Engineering estimate, which sets forth only a Replacement Cost estimate and does not account for any potential depreciation; (6) "[a]t no point did Blue Lagoon, or any of its representatives, ever inform United

National that it was pursuing an Actual Cash Value claim in connection with the Fire Claim instead of a Replacement Cost claim"; and (7) "[s]ince Blue Lagoon never elected to make a claim for Actual Cash Value, instead of Replacement Cost, it is precluded from seeking Actual Cash Value benefits under the Policy in connection with the Fire Claim."  Compl. ¶¶ 47–53.

As to Count III, Blue Lagoon is deemed to have admitted the following facts by its default: (1) "[t]he Policy's Duties In The Event of Loss or Damage loss condition contains eight, separate duties that must be followed by Blue Lagoon in the event of loss or damage at the Insured Premises"; (2) Blue Lagoon's full compliance with the Policy's Duties In The Event of Loss or Damage loss condition is mandatory in the event of a loss or damage to the Insured Premises; (3) "[f]ailure to comply with the post-loss duties is a breach of the Policy and precludes coverage for resulting loss or damage"; (4) "Blue Lagoon willfully and categorically failed or refused to comply with the Policy's Duties In The Event of Loss or Damage loss condition in connection with the Fire Claim; (5) "Blue Lagoon did not take all reasonable steps to protect Covered Property at the Insured Premises from further damage; (6) "Blue Lagoon did not give United National complete inventories of the damaged and undamaged property, including quantities, costs, values and amount of loss claimed, in response to United National's request"; (7) Blue Lagoon did not permit United National to inspect the property proving the loss or damage or examine its books and records; (8) "Blue Lagoon did not return a Proof of Loss within 60 days of the request being made by United National"; (9) Blue Lagoon did not cooperate with United National in the investigation or settlement of the Fire Claim"; (10) "United National was materially and substantially prejudiced in its ability to fully and fairly investigate the Fire Claim as a result of Blue Lagoon's failure to comply with its post-loss duties under the Policy"; and (11) Blue Lagoon is not entitled to coverage

under the Policy for the Fire Claim due to its non-compliance with the Policy's Duties In The Event of Loss or Damage loss condition. Compl. ¶¶ 59-69.

Based on the above facts, all of which Blue Lagoon admits as a result of its default, the Court finds that there is a sufficient basis in the Complaint for the declaratory judgment relief United National seeks as to each of its three counts.

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to the entry of default final judgment. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment, [ECF No. 16], is **GRANTED**. Default final judgment shall be entered by separate order.

2. The Court finds, declares, and decrees that the undisputed facts in the Complaint establish that Blue Lagoon failed to repair or replace damage to its property as soon as reasonably possible in connection with Blue Lagoon's underlying fire claim, *i.e.*, United National Claim Number 18004904 ("Fire Claim"), and has therefore failed to satisfy the insurance policy's Optional Coverage provision for Replacement Cost Coverage. Accordingly, Blue Lagoon is not entitled to Replacement Cost coverage under the Policy.

3. The Court further finds, declares, and decrees that the undisputed facts in the Complaint establish that Blue Lagoon failed to present a claim for Actual Cash Value coverage in connection with the Fire Claim pursuant to the terms and conditions of the Policy. Accordingly, Blue Lagoon is not entitled to Actual Cash Value coverage under the Policy.

4. The Court further finds, declares, and decrees that the undisputed facts in the Complaint establish that Blue Lagoon failed to comply with its duties in the event of loss or damage loss conditions under the Policy, which substantially and materially prejudiced United

National's investigation of the Fire Claim, and no evidence has been presented to rebut the presumption of prejudice. Accordingly, Blue Lagoon is precluded from recovering any insurance benefits under the Policy relating to the Fire Claim.

**DONE AND ORDERED** in Miami, Florida this 21st day of September, 2023.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**