UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-21341-RAR

UNITED NATIONAL INS. CO.

     Plaintiff,

v.

BLUE LAGOON CONDO. ASSOC. INC.

     Defendants.

_____/

## BLUE LAGOON CONDOMINIUM ASSOCIATION, INC.'S MOTION TO VACATE DEFAULT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 55(c) AND 60(b)

Defendant, Blue Lagoon Condominium Association Inc. ("Blue Lagoon") respectfully moves this Honorable Court to enter an Order Vacating the Default Final Judgment dated September 21, 2023 (D.E. 18) and to Vacate the Clerks Default dated July 20, 2023 (D.E. 13). This Motion is filed pursuant to Rules 55(c) and 60(b) of the Federal Civil Rules of Procedure. In support thereof, Blue Lagoon states as follows:

### I.   Introduction

This case is an action where Plaintiff United National Insurance Company ("United" or "Plaintiff") is requesting a declaratory judgment that Defendant Blue Lagoon is not entitled to coverage for an insurance claim, despite United already making multiple payments to Plaintiff totaling close to $50,000 attributable to the same claim.  A Default Final Judgment was recently entered against Blue Lagoon, which the undersigned only found out was occurring minutes prior to it being entered by the Court, when Counsel for Plaintiff first alerted him to the pendency of any default in this matter.  Thus, Blue Lagoon is filing this Motion to Vacate Default.  This Motion is based on three equally important factors: (1) an inadvertent mistake by Blue Lagoon's brand new Registered Agent who, in the middle of a complicated transition from the old registered agent, failed to notice, mark, forward, or otherwise convey the summons and Complaint in this action to Blue Lagoon or the undersigned legal counsel representing Blue Lagoon in matters related to the subject claim, (2) the failure by Plaintiff to confer at any point with the undersigned concerning

1

Plaintiff's motions for default, and the associated filing by Plaintiff of an defective Local Rule 7(a)(3) certification on the Motion for Entry of Clerk's Default (D.E. 12) and a lack of such certificate on the Motion for Default Final Judgment (D.E. 16), and (3) Plaintiff's failure to comply with the Court's Order Requiring Motion for Default Judgment (D.E. 14), which required Plaintiff to send the Motion for Default Final Judgment (D.E. 16) to "Defendant's counsel or to Defendant if it does not have counsel."

## II.   Factual Background

### a.   The Insurance Claim and Pre-suit Adjusting

On or about November 20, 2018, Blue Lagoon suffered a loss, which was promptly reported to Plaintiff, Blue Lagoon's property insurance provider, demanding coverage under Policy No.: MP1019954 (the "Policy"). Plaintiff acknowledged receipt of the notice of the subject loss and assigned claim number 18004904 (the "Subject Loss" and the "Subject Claim", respectively). On or about November 21, 2018, Alayon & Associates, P.A. ("Alayon") was retained by Blue Lagoon to represent its interests and present the Subject Claim to Plaintiff. *See* Affidavit of Marvin Macdavi, President of the Board of Directors for Blue Lagoon, attached hereto as **Exhibit "1"**, at 8. Thereafter, Alayon acted as Blue Lagoon's sole legal representative(s) for all matters related to the subject loss.

In or around November 2019, Mr. Jason Chodos, Esq. ("Counsel for Plaintiff"), began sending correspondence to Alayon on behalf of Plaintiff regarding the Subject Loss and the Subject Claim. It is undisputed that Alayon and Counsel for Plaintiff corresponded multiple times about the Subject Loss and the Subject Claim prior to any suit ever being filed. D.E. 16-1 (Affidavit of John J. Malone in Support of United National's Motion for Default Final Judgment) at 33-36. The parties, by and through their legal counsel, arranged for (1) a complete reinspection of the Subject Loss and property and (2) a pre-suit mediation of the Subject Claim with Ret. Circuit Court Judge Michael Genden[1]. Affidavit of Mr. Luke Ford, Esq. attached hereto as **Exhibit "2"**, at 7, 8.  The

---

[1] Note: Alayon & Associates represented Blue Lagoon against United in a separate lawsuit (Case. No.: 22-22979-Civ-Altonaga/Damian) wherein Plaintiff's Counsel represents United. In other words, the same lawyers have and continue to represent the same parties in all the legal actions. The parties settled the action for a separate property loss (Case. No.: 22-22979-Civ-Altonaga/Damian) in or around March 2023. At or near that time, the parties, by and through Alayon and Plaintiff's Counsel, agreed that it would be beneficial to enter into a pre-suit mediation for the claimed damages, which are now the subject of both this action (23-CV-21341-RAR) and Blue Lagoon's related action against United (23-cv-23355-ALTMAN/Reid).

property re-inspection took place on June 12, 2023, with Counsel for Plaintiff, and Luke Ford, Esq., from Alayon & Associates, in attendance along with the consultants for Plaintiff. *See* Affidavit of Macdavi (**Exhibit "1"**) at 9, Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**) at 7, D.E. 16-1 at 39 (note that Plaintiff swears under oath that such inspection occurred, but falsely states under oath that the inspection occurred on June 18, 2023; June 18 was a Sunday and no inspection occurred on that date, rather the inspection actually occurred on Monday June 12). The pre-suit mediation before Judge Genden took place on June 27, 2023. *See* Affidavit of Macdavi (**Exhibit "1"**) at 10, and Affidavit of Luke Ford, Esq. attached hereto as **Exhibit "2"**, at 8. The attendees to the mediation were the Vice-President of Blue Lagoon, Anthony Tahan, Luke Ford, Esq. and Patrick Alayon, Esq., from Alayon & Associates, Jason Chodos, Esq., and the adjuster for Plaintiff, Mr. John Malone. *Id*. The pre-suit mediation concerned claim # 18004904, the same claim at issue in Plaintiff's Complaint (D.E. 1 at ¶ 12). *See* May 2, 2023 email confirming mediation attached hereto as **Exhibit "3"**. The parties were unable to come to terms at the pre-suit mediation, but all were aware of the involvement of Alayon & Associates as Blue Lagoon's representative in the underlying claim at the heart of this Declaratory Judgment action.

b. <u>The Breach of Contract Case for Claim #18004904 filed in Florida State Court</u>

Immediately after the failed mediation, on June 27, 2023, undersigned counsel filed a separate Complaint in State Court against Plaintiff on behalf of Blue Lagoon seeking Declaratory Relief and damages for Breach of Contract under the same Policy, same Subject Loss, and same Subject Claim (claim #18004904) at issue in this case (Miami-Dade Case No.:23-018826-CA-01). Counsel for United entered his appearance on behalf of United and, on September 1, 2023, prior to a final default judgment being entered by this Court, removed that action to the District Court for the Southern District of Florida (23-cv-23355-ALTMAN/Reid, D.E. 1).

On the Civil Cover Sheet that was part of the removal packet (23-cv-23355-ALTMAN/Reid; D.E. 1-1) (**Exhibit "4"** hereto), Counsel for Plaintiff listed the above-styled action (23-CV-21341-RAR) as a related case. However, Counsel for Plaintiff did not attempt to call or otherwise confer with Alayon or its Associates regarding this matter until September 21, 2023, the same date the default judgment in this case was entered. *See* Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**) at 11.

      c.  <u>Service of Process on Blue Lagoon of this Declaratory Judgment Action and Failure by Registered Agent and Attorney to Forward Service of Process to Blue Lagoon or Undersigned Counsel</u>

The Return of Service in this action (D.E. 8) indicates that on June 28, 2023, the summons and complaint were served on SBK Legal on behalf of Blue Lagoon. On June 26, 2023, Blue Lagoon hired Haber Law P.A. to take over the role of general counsel and registered agent from SBK Legal. *See* Affidavit of Ariella Gutman, Esq., attached hereto as **Exhibit "5"**, at 10.  Blue Lagoon relied on its general counsel and registered agent to receive, review and provide notice of any service of process, legal actions, or matters. Affidavit of Macdavi (**Exhibit "1"**) at 5.  At the time of the alleged service, SBK Legal was transferring all files and documents regarding Blue Lagoon to Haber Law.

As part of that transfer, SBK sent an email on June 28, 2023, with subject line "FW: SCANNED SUMMONS" attaching one attachment titled "Blue Lagoon Condominium Summons." (the "June 28 Email"), which was subsequently revealed to be a copy of the summons and complaint in this action. *See* Revised Affidavit of Steven Katz, Esq. at 14-15, attached hereto as **Exhibit "6"**, and Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 14-15. However, the June 28 Email to Haber Law enclosing documents related to this case came among multiple other emails related to another Blue Lagoon case styled *Blue Lagoon Condo. Assoc., Inc. v. One Stop Pool Pros, Inc. See* Revised Affidavit of Steven Katz, Esq. (**Exhibit "6"**) at 13 and Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 13, 16.  Haber Law mistaken believed that the June 28 Email regarding this case was related to the *One Stop Pools* case.  Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 16.  As such, Haber Law mistakenly took no further action. Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 17.  The June 28 Email was the only notice provided to Haber Law and that notice was never forward to any other party. Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 20-23, Revised Affidavit of Steven Katz, Esq. (**Exhibit "6"**) at 17-20. Mr. Katz, other than the above-described email, did not take any other steps to notify the undersigned or Blue Lagoon of this service of process.  Revised Affidavit of Steven Katz, Esq. (**Exhibit "6"**) at 16-20. As such, Blue Lagoon was not on notice of this action.  Affidavit of Macdavi (**Exhibit "1"**) at 12-14.  Nor was Alayon & Associates put on notice of service of the Complaint in the above-styled action. *See* Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 22, Revised Affidavit of Steven Katz, Esq. (**Exhibit "6"**) at 19, Affidavit of Luke Ford, Esq. (**Exhibit "2"**), at 10-11.

     d.  <u>Plaintiff's Knowledge that Undersigned Counsel Represented Blue Lagoon in Regards to this Action and Failure by Plaintiff to Make Reasonable Efforts to meet and Confer with the undersigned prior to filing Motion for Clerk's Entry of Default Against Defendant (D.E. 12) and Motion for Default Final Judgment (D.E. 16)</u>

Despite Plaintiff attending inspections and the pre-suit mediation knowing that Alayon & Associates, P.A. was appearing at such events as Blue Lagoon's declared legal representatives in the underlying insurance claim at the heart of this action (*See* Affidavit of Macdavi (**Exhibit "1"**) at 9-10, and Affidavit of Mr. Luke Ford, Esq. attached hereto as **Exhibit "2"**, at 7-9), and Plaintiff's knowledge that the same firm is currently acting as Blue Lagoon's legal counsel in the related case currently pending before Judge Altman (23-cv-23355-ALTMAN/Reid) (*Id.*),  Alayon & Associates was never conferred with about the Motion for Clerk's Entry of Default Against Defendant (D.E. 12) nor the Motion for Default Final Judgment (D.E. 16), contrary to the representations required by Local Rule 7.1(a)(3) "that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion." *See* Affidavit of Mr. Luke Ford, Esq. attached hereto as **Exhibit "2"**, at 10-11.  Nowhere in this rule does it state that it only applies if a notice of appearance has been filed by counsel for the non-movant; it only requires reasonable efforts to communicate with the non-moving party. The only certification on either Motion, contained in D.E. 12, is as follows:

> "Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant **has been unable to confer with Blue Lagoon** regarding the relief requested herein **because no attorney has yet entered an appearance in this action** on behalf of Blue Lagoon."

> D.E. 12 at page (emphasis added).

No reasonable effort, indeed no effort at all, was made to pick up the phone, email, or otherwise notify the undersigned firm by counsel for Plaintiff.  Plaintiff also apparently made no effort to contact Blue Lagoon directly, whose number is listed on its website easily found via a google search[2], nor to call the office for the registered agent.

---

[2] *See* https://www.google.com/search?q=blue+lagoon+condominium+association&sca_esv=56775332 9&rlz=1C1CHBD_enUS910US910&ei=51YOZZvREZ7l5NoPzvue4AE&ved=0ahUKEwjb4Krs 4L-BAxWeMlkFHc69BxwQ4dUDCBA&uact=5&oq=blue+lagoon+condominium+association&gs_ lp=Egxnd3Mtd2l6LXNlcnAiAiI2JsdWUgbGFnb29uIGNvbmRvWluaXVtIGFzc29jaWF0aW9uM gUQABiABDIGEAAYFhgeMgYQABgWGB4yCBAAGIoFGIYDMggQABiKBRiGAzIIEEAAY

Plaintiff's Complaint in this action specifically mentions correspondence and/or conversing with Mr. Ford and/or Mr. Alayon as representatives for Blue Lagoon (D.E. 1 ¶'s 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34). Counsel for Plaintiff and Mr. Ford attended a full re-inspection of the property together on June 12, 2023. *See* Affidavit of Macdavi (**Exhibit "1"**) at 9, and Affidavit of Mr. Luke Ford, Esq. attached hereto as **Exhibit "2"**, at 7. Mr. Ford, Mr. Alayon and Counsel for Plaintiff attended Mediation before Ret. Judge Genden on June 27, 2023. In fact, the Mediation agreement ("**Exhibit "7"** hereto) specifically cites the subject claim number: 18004904. This is the same claim number that is cited in Plaintiff's Complaint in this action (D.E. 1, ¶ 12) and in Blue Lagoon's Complaint (23-cv-23355-ALTMAN/Reid – D.E. 1-2 ¶10).

On June 29, 2023, after the failed mediation on June 27, 2023, AND after the date of Plaintiff's return of service directed to SBK Legal on June 28, 2023, Mr. John Malone, the senior adjuster for United who attended the pre-suit Mediation on behalf of Plaintiff, sent an overnight letter to Alayon & Associates, P.A., attention Luke Ford, Esq, regarding a small supplemental payment being issued to Blue Lagoon under Claim No.: 18004904. A Copy of Mr. Malone's June 29, 2023 letter is attached hereto as **Exhibit "8"**. The check and correspondence were sent overnight to Alayon & Associates as the legal representatives for Blue Lagoon. There is nothing vague about who this letter was sent to, who represented Blue Lagoon, or the matters to which the letter pertained. United's letter (**Exhibit "8"**) is dated June 29, 2023, sent to Luke G. Ford of Alayon & Associates, refers to claim # 18004904, insured Blue Lagoon and insurer United, and is signed by United. *Id.*

> e. Plaintiff's failure to comply with this Court's Order Requiring Motion for Default Judgment (D.E. 14), which required Plaintiff to send the Motion for Default Final Judgment (D.E. 16) to "Defendant's counsel or to Defendant if it does not have counsel."

This Court's Order makes clear that it expected Plaintiff to make a reasonable effort to reach out to Defendant prior to entering a final default judgment. Specifically, the Court's order states as follows:

> Plaintiff shall send a copy of the Motion to Defendant's counsel or to Defendant if it does not have counsel. In the certificate of service,

---

igUYhgMyCBAAGIoFGIYDSIUKUMAHWK0IcAJ4AZABAJgBWqABnwGqAQEyuAEDyA
EA-AEBwgIKEAAYRxjWBBiwA-IDBBgAIEGIBggQBgg&sclient=gws-wiz-serp,
https://www.bluelagooncondominiums.com/view/contact-us.aspx

> Plaintiff shall indicate that notice was sent and the addresses where
> notice was sent.
>
> D.E. 14 at page 2.

Plaintiff's sole attempt to comply with the command of this order is contained on pages 12-13 of

its Motion for Default Final Judgment, which states as follows:

### CERTIFICATE OF SERVICE

> I hereby certify that on July 27, 2023 I electronically filed the
> foregoing document with the Clerk of the Court using CM/ECF. I
> also certify that the foregoing document is being served this day on
> all counsel of record or pro se parties identified on the attached
> Service List in the manner specified, either via transmission of
> Notices of Electronic Filing generated by CM/ECF or in some other
> authorized manner for those counsel or parties who are not
> authorized to receive electronically Notices of Electronic Filing.
> ...

### SERVICE LIST

> **United National Ins. Co. v. Blue Lagoon Condo. Ass'n, Inc.**
> **Case No. 23-CV-21341-RAR**
> **United States District Court, Southern District of Florida**
>
> Blue Lagoon Condominium Association, Inc.
> c/o SBK Legal, Registered Agent
> 4450 NW 126th Ave., Suite 101
> Coral Springs, FL 33065
> Served via U.S. Mail

Even taking the above claims as true, Plaintiff failed to send the Motion to the undersigned counsel

for Blue Lagoon and failed to mail the Motion to any of the addresses for Blue Lagoon listed on

Sunbiz.org except for the Registered Agent.

Furthermore, it appears that Plaintiff did not, in fact, mail the Motions (D.E.'s 12 and 16)

to that address either, as the former Registered Agent for Blue Lagoon has stated under oath that

he never received a copy of this Motion (D.E. 16), let alone any of the other motions or papers

filed by Plaintiff in this action containing an identical statement claiming that a copy of such

documents were mailed to the registered Agent for Defendant Blue Lagoon (D.E. 4, D.E. 10, D.E.

12, D.E. 13, D.E. 15).  *See* Revised Affidavit of Steven Katz, Esq. (**Exhibit "6"**) at 22 (a-e).

Interestingly, after the date of that affidavit (signed September 26, 2023), Mr. Katz advised

undersigned counsel that the mail received by his office on September 26, 2023 (and reviewed by

him on the morning of September 27, 2023) contained copies of (1) the Order Granting Default Final Judgment (D.E. 17) and (2) the Default Final Judgment (D.E. 18). However, both of those documents were mailed not by Plaintiff, but by the Court itself.[3] See Email of September 27, 2023 from Steven Katz, Esq. to Patrick Alayon, Esq., attached hereto as **Exhibit "9"**.

Presumably, the point of the Court's command to mail the Motion for Default Final Judgment (D.E. 16) to Defendant Blue Lagoon was to put Defendant on notice of what was happening. This clearly did not occur. Moreover, Plaintiff failed to take any action to notify the undersigned (and, it appears, failed to even send any mail to the Defendant directly) until a few minutes before the Default Final Judgment was entered. Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**) at 11. This literal last-minute notification is not what the Court intended.

> f. Plaintiff requested and received from the undersigned a courtesy extension in the separately-filed breach of contract action, and subsequently filed a Motion to Dismiss in that separate action based on res judicata/collateral estoppel based on the Default Final Judgment entered in this action during the pendency of that extension.

In Blue Lagoon's separately-filed breach of contract action (23-cv-23355-ALTMAN/Reid), after such action was removed to Federal Court, Counsel for Plaintiff requested from the undersigned firm a courtesy extension of time to respond to the Complaint in the related action before Judge Altman, which extension was **agreed to by the undersigned** *prior to entry of a final default judgment in this case*. *See* 23-cv-23355-ALTMAN/Reid (D.E. 4, Unopposed Motion for Extension of Time to File Response/Reply/Answer as to 1 Notice of Removal, dated September 6, 2023). The docket of such case is attached hereto as **Exhibit "10"**. Counsel for Plaintiff, having the benefit of the undersigned's courtesy extension in the related case, utilized that time to obtain the Default Final Judgment in this case without advising the undersigned of the existing Clerk's Default and pending Motion for Default Final Judgment prior to doing so.[4] Only minutes before the Final Default Judgment was entered in this case did Counsel for Plaintiff call Mr. Ford telephonically to discuss dismissal of the related action before Judge Altman (23-cv-

---

[3] The undersigned notes that material mailed by the Court appears to be received by Mr. Katz, while per Mr. Katz's affidavit, no material the Plaintiff claims to have mailed to the same address appears to be received.

[4] The courtesy extension was granted on September 6, 2023, allowing a response to be filed by September 22, 2023 [23-cv-23355-ALTMAN/Reid (D.E. 6)]; the default final judgment in this case was entered September 21, 2023 [D.E.16], the Motion to Dismiss based on res judicata and collateral estoppel was filed September 22, 2023 [23-cv-23355-ALTMAN/Reid (D.E. 11)]

23355-ALTMAN/Reid) based on such final default judgment in this case. Affidavit of Luke Ford, Esq. (**Exhibit "2"**), at 11.

The Plaintiff's Motion to Dismiss the separate case, attached hereto as **Exhibit "11"**, is based on the grounds that all issues in that separately filed case are subject to res judicata / collateral estoppel due to the Default Final Judgment entered in this case:

> On September 21, 2023, a default final judgment was entered against Blue Lagoon in the UNIC Action, finding that no coverage is accorded under the subject insurance policy for the November 20, 2018 fire loss at issue in this action. See UNIC Action [D.E. 17 and 18]. In light of the above, the BL Action fails to state a viable cause of action upon which relief can be granted and must be dismissed on grounds. The legal doctrines of the first-filed rule, res judicata, and collateral estoppel all provide a legally supported basis for dismissal. While all three of these doctrines are applicable, any one of them warrants dismissal of this action, with prejudice.
>
> 23-cv-23355-ALTMAN/Reid D.E. 11 (Motion to Dismiss) at page 2.

Thus, it appears that Plaintiff utilized the courtesy extension to obtain a default final judgment in this action in order to use it as the main focal point of a res judicata/collateral estoppel argument in his Motion to Dismiss in the separate case.

III.   **Requested relief**

Blue Lagoon hereby seeks an Order providing relief from and vacating the Default Final Judgment (D.E. 18) under Federal Rule 60(b)(1) on the basis of excusable neglect, and under Federal Rule 60(b)(3) and 60(b)(6) due to Plaintiff's failure to comply with the Court's Order to send a copy of its Motion for Default Final Judgment to Defendant or Defendant's counsel (D.E. 14) as well as Plaintiff's failure to comply with Local Rule 7.1(a)(3) requiring him to make reasonable efforts (indeed, any effort at all) to meet and confer with Defendant or counsel for Defendant prior to filing Plaintiff's Motion for Clerk's Entry of Default Against Defendant (D.E. 12) as well as Plaintiff's Motion for Final Default (D.E. 16). Blue Lagoon further requests that this Court vacate the Clerks Default (D.E. 12) under Federal Rule 55(c).

IV.   **Legal Memorandum**

   a.   **The Law does not encourage gamesmanship**

The Eleventh Circuit maintains a "strong policy of determining cases on their merits and [the Eleventh Circuit], therefore, view[s] defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In that context, "default is not appropriate in cases where the plaintiff knows that a defendant is represented by counsel who intends to assert matters in defense of the cause of action.'" *Contreras v. Stambul, LLC*, 306 So. 3d 1143, 1144 (Fla. 3d DCA 2020) (quoting *Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee*, 543 So. 2d 813, 816 (Fla. 1st DCA 1989)) In such circumstances, "the clerical default [i]s improvidently entered and the ensuing final judgment cannot stand." *Id*. Further, it is well settled that "[a] trial court should vacate an ex parte default when 'the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default.'" *Rodger v. Quicken Loans Inc.*, 613CV1195ORL18TBS, 2013 WL 12388554 (M.D. Fla. Sept. 19, 2013), report and recommendation adopted, 6:13-CV-1195-ORL-37, 2013 WL 6511725 (M.D. Fla. Dec. 12, 2013), *quoting U.S. Bank Nat. Ass'n. v. Lloyd,* 981 So.2d 633, 640 (Fla. 2d DCA 2008) (*citing Nat'l Union Fire Ins. Co. of Pittsburgh v. McWilliam*s, 799 So.2d 378, 380 (Fla. 4th DCA 2001) (*citing Ole, Inc. v. Yariv ex rel. Yariv*, 566 So.2d 812, 814 (Fla. 3d DCA 1990)).

The pursuit of a default in this case, Plaintiff's tactical failure to inform the undersigned thereof, and Plaintiff's utilization of a courtesy extension in the related case to obtain a final default judgment in this case, constitute the kind of gamesmanship that the courts do not condone. Counsel for Plaintiff knew Blue Lagoon was represented by the undersigned. He personally attended the property inspection on June 12, 2023 with Mr. Ford from Alayon & Associates representing Blue Lagoon. *See* Affidavit of Macdavi (**Exhibit "1"**) at 9, and Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**), at 7. Counsel for Plaintiff attended the pre-suit mediation with Ret. Judge Genden on June 27, 2023, where Mr. Ford and Mr. Alayon from Alayon & Associates attended and represented Blue Lagoon. Counsel for Plaintiff specifically named Mr. Ford and Mr. Alayon as representative of Blue Lagoon in his Complaint. Counsel for Plaintiff in this action is representing United as the Defendant in Blue Lagoon's lawsuit regarding the exact same loss (claim number: 18004904) currently pending in the Southern District before Judge Altman (23-cv-23355-ALTMAN/Reid). *See* Affidavit of Macdavi (**Exhibit "1"**) at 10, Affidavit of Luke Ford, Esq. (**Exhibit "2"**), at 8 and the Court Docket listing United's Counsel (**Exhibit 10**). In fact, Mr. Ford and Counsel for Plaintiff have been in regular communication regarding the pleadings and initial scheduling report for the action before Judge Altman. Affidavit of Luke Ford, Esq. (**Exhibit "2"**),

at 10.  Even more telling, United sent correspondence to the undersigned firm addressed to Blue Lagoon and listing the claim number of the claim that is the subject of this lawsuit *prior to filing any request for default*.  *See* Mr. Malone's June 29, 2023 letter (**Exhibit "8"**).

However, Counsel for Plaintiff did not inform or otherwise discuss the service of the Complaint in the present action, the Clerk's Default, or the Motion for Final Default Judgment with Mr. Ford or Mr. Alayon until September 21, 2023, the same day the Motion for Default was granted and the Final Default Judgment entered.  Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**) at 11.  Moreover, the entity listed on Sunbiz at the relevant time as Blue Lagoon's registered agent, to whom Plaintiff's Counsel alleges to have mailed the Motion for Default (D.E. 12) and the Motion for Final Default Judgment (D.E. 16), has attested to the fact that his office never received copies of those Motions or any other filings after the initial summons and complaint.  *See* Revised Affidavit of Steven Katz, Esq. (**Exhibit "6"**) at 22 (a-e).[5]

If the Court allows the Final Default Judgment to stand, it would implicitly condone the above-describe gamesmanship.  As per the above caselaw, this Court has yet to do so; it should not start now.

**b. It is well-settled law that Plaintiff must contact Defendant's counsel when Plaintiff has actual knowledge that Defendant was represented by counsel and intends to defend the case and Plaintiff is deemed to have such actual knowledge when the same parties are litigating another lawsuit involving the same dispute and Defendant is represented by counsel in that case.**

Federal and State courts have made clear that counsel must provide notice of any default to opposing counsel when opposing counsel are representing the same parties in another lawsuit involving the same dispute, and Plaintiff knows Defendant is represented by counsel in that other related lawsuit.

> [A] trial court should vacate an ex parte default when the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default. [citing cases] **A plaintiff has actual knowledge of a defendant's intention to defend a lawsuit and actual knowledge that the defendant is represented by counsel where the two parties**

---

[5] Interestingly, after the date of that affidavit (signed September 26, 2023), Mr. Katz advised Defendant that the mail received by his office on September 26, 2023 (and reviewed by him on the morning of September 27, 2023) contained copies of (1) the Order Granting Default Final Judgment (D.E. 17) and (2) the Default Final Judgment (D.E. 18).  However, both of those documents were mailed not by Plaintiff, but by the Court itself.  *See* **Exhibit "9"**.

> **simultaneously participate in another lawsuit which involves the
> same dispute and where plaintiff knew that the defendant is
> represented by counsel in that other lawsuit.**
>
> *Kaye v. Bank of New York Mellon as Tr. for Certificate holders of
> CWALT, Inc., Alternative Loan Tr. 2007-OH3, Mortgage Pass-
> Through Certificates, Series 2007-OH3,* 8:21-CV-469-WFJ-TGW,
> 2021 WL 1390019, at *2 (M.D. Fla. Apr. 13, 2021)
> (quoting *Jacaranda, LLC v. Green Tree Servicing, LLC.,* 203 So.
> 3d 964, 966 (Fla. 2d DCA 2016)) (emphasis added)

That is exactly what happened here.  In fact, Counsel for Plaintiff actually requested more
time from Blue Lagoon to respond to the Complaint filed in the other related case prior to the Final
Default Judgment being entered in this case, utilizing that additional time to obtain and use said
Final Default Judgment as the main focal point of a res judicata/collateral estoppel argument in his
Motion to Dismiss in such other related case.  23-cv-23355-ALTMAN/Reid (D.E. 4, 11).  In fact,
only minutes before the Final Default Judgment was entered in this case did Counsel for Plaintiff
call Mr. Ford telephonically to discuss dismissal of the related action before Judge Altman (23-cv-
23355-ALTMAN/Reid) based on such final default judgment being entered in this case. Affidavit
of Luke Ford, Esq. (**Exhibit "2"**), at 11.  It should be undisputed that Plaintiff's counsel never
contacted Defendants counsel prior to seeking the default to advise that default was being sought,
and thus plainly violated the rule described in *Kaye* and *Jacaranda*.

    i.   <u>Further, when the parties have been in communication on the subject matter of a
lawsuit, Plaintiff is on notice that Defendant intends to defend the lawsuit and must
provide notice to opposing counsel prior to entry of any default.</u>

Courts have held, pursuant to common-sense, that Plaintiffs are aware that Defendants intend
to defend a lawsuit, and thus must put opposing counsel on notice of Plaintiff's intent to seek a
default, when extensive communications occur between counsel prior to the lawsuit being served
concerning the subject matter of the case in which default was entered, especially when the same
counsel is involved in multiple cases on the same subject matter:

> In the instant case, there is no question that Plaintiff's counsel knew
> of Defendant's intention to defend this action on the merits based on
> the extensive communications between the parties—including
> letters and e-mails. While, counsel did not exchange letters in the
> twenty or so days after the date of service of the summons and
> complaint and before the entry of default, based on the content of
> **the extensive prior communications between the parties, the**

> length of the communications and the fact that <u>this was not the
> first or only case in which Plaintiff's counsel had been involved
> in litigation</u> with Wyeth concerning "Redux," it would have been
> appropriate to provide notice—<u>even a simple telephone call</u>—
> before application was made for default. While the issue of whether
> the letters and e-mails exchanged between the parties constitutes the
> service of a "paper" under Florida law may be subject to debate, the
> fact remains that notice should have been the preferred course of
> action.
>
> *Sobkowski v. Wyeth, Inc.*, 5:04 CV 96-OC-10GRJ, 2004 WL
> 3569703, at *4 (M.D. Fla. June 4, 2004), *report and
> recommendation adopted,* 5:04-CV-96-OC-10GRJ, 2004 WL
> 3569702 (M.D. Fla. July 12, 2004) (emphasis added)

It is undisputed that Counsel for Plaintiff had exchanged multitudes of emails and mailed correspondence with Counsel for Defendant concerning the insurance claim at the heart of this case, and indeed was in a separate active litigation wherein Defendant Blue Lagoon sued Plaintiff United alleging a breach of contract based on its failure to pay the exact same claim (22-22979-Civ-Altonaga/Damian). Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**) at 10, D.E. 16-1 (Affidavit of John J. Malone in Support of United National's Motion for Default Final Judgment) at 33-36. Even more telling, correspondence was being exchanged between Counsel for Defendant and Counsel for Plaintiff on that related case while Plaintiff's Motion for Default was pending in this matter. Affidavit of Mr. Luke Ford, Esq. (**Exhibit "2"**) at 10. Thus, it is undisputed that Plaintiff's Counsel exchanged extensive communications with the undersigned concerning this matter prior to applying for a default and was involved in multiple active cases concerning the same subject insurance claim, but did not call or otherwise communicate with the undersigned "before application was made for default" in this case; therefore, the rule described in *Sobkowski* was violated.

    **c.**  <u>**Excusable Neglect:**</u>

Federal Rule of Civil Procedure 60(b) (hereafter, "Rule 60(b)") allows for relief from a final judgment for *inter alia* "(1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1). To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the legal outcome, (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) good cause existed for failing to reply to the

complaint. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291,1295 (11th Cir. 2003). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir.2007). Blue Lagoon meets this standard.

### i.   Blue Lagoon has multiple meritorious defenses

As to the issue of a meritorious defense, the "likelihood of success is not the measure. ... Instead, the movant need only provide a hint of a suggestion that [its] case has merit." *Suntrust Bank v. Armsey*, No. 09-CIV-80606, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) (citations and internal quotation marks omitted). [A defendant's] allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense." *Tyco Fire & Security v. Alcocer*, No. 04-23127-CIV, 2009 WL 78657, *3 (S.D. Fla. March 23, 2009) (quotations omitted); *accord Union Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983) (stating "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.") (quotations omitted); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (stating "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."); *Horn v. Intelectron Corp*., 294 F. Supp. 1153, 1156 (S.D.N.Y. 1968).

Blue Lagoon is attaching its proposed Answer and affirmative defenses as **Exhibit "12"**. Blue Lagoon's meritorious defenses include, without limitation:

Plaintiff's arguments related to ACV and RCV are unsupported by the facts. Despite the objections it now raises, Plaintiff made multiple above-deductible payments to Blue Lagoon towards the claimed damages. Moreover, and perhaps more importantly, Plaintiff's allegations are directly contradicted by Blue Lagoon's allegations in its Complaint for damages arising from the exact same loss (23-cv-23355-ALTMAN/Reid), in which Counsel for Plaintiff represents United as the defendant and has been in regular communication with the undersigned counsel for Blue Lagoon (again, the plaintiff in that related case) regarding pleadings and joint scheduling reports.

Blue Lagoon further contests Plaintiff's allegations as to which coverage Blue Lagoon sought in its Proof of Loss and asserts that there are contractual ambiguities regarding the language related to, without limitation, when repairs are "reasonably possible". *See* Blue Lagoons proposed Answer and Affirmative Defenses attached hereto as **Exhibit "12"**. Perhaps most puzzlingly,

despite the claims made by Plaintiff in its Complaint that Blue Lagoon is not entitled to any coverage for the Subject Claim, Plaintiff made payment on the same very same 'unpayable' claim on June 29, 2023, *during the pendency of this lawsuit*. Whether Blue Lagoon made a claim on the Policy, especially in light of Defendants actions taken during the lawsuit that are completely irreconcilable with the claims it makes therein, is a question of fact that must be determined through discovery and/or by a trier of fact.

Plaintiff's allegations of prejudice and breach of the post-loss duties are unfounded and disingenuous. Plaintiff was put on notice of the loss the same day the loss occurred. By its own admissions, Plaintiff, by and through its adjuster, consultants or other agents, inspected the property and subject loss no less than three (3) separate times, close in time to the loss and most recently on June 12, 2023. D.E. 16-1 (Affidavit of John J. Malone in Support of United National's Motion for Default Final Judgment) at 15-18, 36, 39 (again, with the misrepresentation by Plaintiff under oath that such inspection occurred on Sunday June 18, 2023). Plaintiff's allegations that they were not allowed to fully inspect are exaggerated based on the inability to enter into certain private condominium units. However, the adjusters, contractors and engineers on behalf of Plaintiff have all inspected the property and subject loss.

It is also undisputed that Plaintiff was also provided with a comprehensive estimate of damages from a licensed general contractor and engineer, which was provided with a sworn proof of loss to Plaintiff on or around October 14, 2019. D.E. 16-1 at 25, 26. Plaintiff's allegations regarding the timeliness and completeness of production are contradicted by the evidence, which must be fully fleshed out through discovery. Moreover, Plaintiff's allegations regarding supposed limitations on time to conduct reinspection's are erroneous and ironically conflates correspondence regarding the underlying claim in this action with a separate claim that was already litigated and settled between the same parties represented by the same counsel.

These are just a few examples of the meritorious defenses that Blue Lagoon has to Plaintiff's allegations, which must be more fully proven through discovery and presented to a trier of fact.

## ii.  <u>No Prejudice to Plaintiff</u>

"To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Gerstenhaber v. Matherne Holdings, Inc*., No. 18-CIV-61213, 2018 WL 621848, at *2 (S.D. Fla.

Nov. 6, 2018) (quoting *GuideOne Mut. Ins. Co. v. Iglesia Bautista Resurreccion*, No. 11-CIV20497, 2011 WL 3584212, at *3 (S.D. Fla. Aug. 12, 2011)). None of these circumstances are present here such that Plaintiff would be prejudiced by the Court setting aside the default judgment. Blue Lagoon is filing this Motion six calendar days after the Final Default Judgment was entered, six calendar days after it found out about the final default judgment being entered, all during the pendency of the related case. The complaint in this case was served less than three months ago, and the parties have been diligently litigating the companion case concerning the same claim. Further, Blue Lagoon's proposed answer is attached hereto as **Exhibit "12"**, and will be promptly filed upon this instant Motion being granted. Plaintiff is not prejudiced if it is to be held to its proof here. *Connecticut State Dental Ass'n* 591 F.3d at 1357 *Connecticut State Dental Ass'n v. Anthem Health Plans*, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009)("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."); *Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc.*, 192 F.R.D. 171, 174 (3d Cir. 2000). ("The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice.")  In fact, it should be remembered that Plaintiff *readily admits having already paid about $50,000 to Blue Lagoon on the insurance claim that is the subject of this default judgment. See* Mr. Malone's June 29, 2023 letter (**Exhibit "8"**) at page 2. As Plaintiff has already acknowledged that at least a portion of this claim is subject to coverage and paying out a substantial amount of money on the claim prior to changing its position and filing this declaratory judgment action stating the policy offers no coverage for the same claim, it is not prejudiced by having to defend its subsequent about-face in court. Defendant, however, would be extremely prejudiced if a claim that Plaintiff has acknowledged is covered subsequently ceases being covered solely due to this default not being vacated.

### iii.  <u>Blue Lagoon has good cause for not having previously answered complaint.</u>

The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. It is only appropriate where there has been a clear record of delay or contumacious conduct." *United States v. Varmado*, 342 F. App'x 437, 441 (11th Cir. 2009) (per curiam) (quoting *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972) (per curiam)).

Here, an administrative error by Blue Lagoon's Registered Agent during the transition and acquisition of the role and duties of registered agent was inadvertent. The new Registered Agent,

in the middle of a complicated transition into the role, mistakenly assumed that the relevant email to this case related to another case and, therefore, did not provide notice of the complaint to Blue Lagoon or any of its other agents, specifically Alayon & Associates.  Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 11-24.  Blue Lagoon's failure to respond to the Complaint was neither culpable nor willful, as it never received a copy of the service of process. Affidavit of Ariella Gutman, Esq., (**Exhibit "5"**) at 24; Affidavit of Marvin Macdavi, (**Exhibit "1"**) at 12-14. Therefore, Defendant had not willfully disregarded Court rules or a duty to respond to a Complaint which it never received.  *See Hritz v. Woma Corporation*, 732 F.2d 1178, 1183 (3d Cir. 1984) (willfulness requires "more than mere negligence," and "knowing disregard for court-mandated procedures.")

The registered agent's mistake was unfortunate but does not constitute "willful misconduct or intentionally dilatory tactics . . .." *Varmado*, 342 F. App'x at 441. *See also Proficient Auto, Inc. v. Auto Transp. Servs., Inc.*, No. 13-CIV-60945, 2013 WL 12383302, at *3 (S.D Fla. Sept. 13, 2013) ("Although Defendant has a responsibility to be aware of the existence of its legal agents and to monitor its correspondence, these facts reveal that the default resulted from inadvertence rather than willful delay or contumacious conduct.").

Furthermore, Defendant's default was not "willful" as that term has been defined in the jurisprudence. The "willfulness" factor requires the court to consider whether the party intended to violate court rules and procedures and not merely whether the party failed to answer. 21A Fed. Proc., L. Ed. § 51:66. Good faith or the inadvertent failure to answer must be contrasted with a situation where a party absconds from the jurisdiction or tries to avoid liability by physically avoiding the proceedings. 21A Fed. Proc., L. Ed. § 51:66, citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 27 Fed. R. Serv. 3d 1353 (2d Cir. 1994) (Evasion of service and refusal to respond to complaint). There are no facts to support a conclusion of willfulness by the Defendant here. At no time did or has Blue Lagoon deliberately intended to violate any court rules.

A final point: in cases where the service of initial process was delivered to an old and no longer functional address for a defendant (as happened here, where Haber Law was retained as Blue Lagoon's new registered agent on June 26 but service was made on the old registered agent on June 28, prior to the listing for Blue Lagoon's registered agent and its address being updated on Sunbiz), courts have repeatedly found that such circumstance constitutes excusable neglect. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir. 1951), (no willfulness, but instead "excusable neglect" notwithstanding Defendant's failure to inform the Secretary of the

Commonwealth of a change in address); *Id.* at 246 ("[d]efendant's only negligence was a careless conduct of its business in failing to ascertain that its broker [Defendant's statutory agent for receiving process] had moved and in failing to notify the Secretary of the Commonwealth [of the new address for the broker]."); *Robinson v. Hot Grabba Leaf, LLC*, 0:19-CV-61614, 2021 WL 3931238, at *5 (S.D. Fla. Sept. 2, 2021)("Here, an administrative error by a bookkeeper/CPA—rather than Defendant's willful disregard for the proceedings—caused Defendant's delay in responding or otherwise appearing in this action. The record makes clear that Defendant directed its bookkeeper/CPA to update its business address in all relevant forums, but the bookkeeper failed to do so with the New York State Secretary of State.")

In fact, the present Motion to Vacate complies with Rule 55(c) ("court may set aside an entry of default for good cause . . ."), as well as Rule 60 ("[court] may set aside a final default judgment under Rule 60(b)"), and is timely as it being submitted within six days of entry of a default final judgment as prescribed under Rule 60(c) ("[a] motion under Rule 60(b)(1) must be made . . . no more than a year after the entry of the [default] judgment.").

### The Clerk's Default (D.E. 13) should be vacated pursuant to FRCP 55(c)

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and [the Eleventh Circuit], therefore, view[s] defaults with disfavor." *In re Worldwide Web Systems, Inc*., 328 F.3d 1291, 1295 (11th Cir. 2003).

Although good cause is a "mutable standard" that is not "susceptible to a precise formula" and that varies according to the situation, courts evaluating whether good cause exists have considered such factors as (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the opposing parties; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana*, 88 F. 3d at 951. However, these factors are not "talismanic"; courts have taken other considerations into account including whether there was significant financial loss to the defaulting party and whether the defaulting party acted promptly to correct the default. *Id*. Further, under Fed. R. Civ. P. 55(c), a movant need only make a "bare

minimum showing" to support its claim for relief. *See Baker v. Warner/Chappell Music, Inc*., No. 14-cv-22403, 2015 WL 1534522, at *3 (S.D. Fla. Apr. 6, 2015) (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)); *Griffin IT Media, Inc. v. Intelligentz Corp*., No. 07-80535-CIV, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008).

As discussed above, Blue Lagoon has presented a meritorious defense in its proposed answer as well as the Complaint filed in the related case. *Supra* at IV.c.i.; 23-cv-23355-ALTMAN/Reid, D.E. 1, *Supra* at IV.c.i. Likewise, Blue Lagoon has shown above that Plaintiff is not prejudiced given the short delay of six days between the filing of the Default Final Judgment and this Motion to Vacate, as well as Plaintiff's prior payments and acknowledgment of coverage for this claim and the infancy of this case. *Supra* at IV.c.ii. Quite frankly, Plaintiff created its own prejudice by making the tactical election *not* to notify the undersigned of the pending Motion for Clerk's Entry of Default Against Defendant (D.E. 12) and the Motion for Default Final Judgment (D.E. 16) despite its recent communication to the undersigned related to the claim (occurring after to service of process but prior to any default being sought) and instead pursue the Default Final Judgment for use in the related case despite knowing full well that the undersigned represented Blue Lagoon, and despite having multiple opportunities to do so. *Supra* at II.d, II.e, and II.f. Finally, Blue Lagoon has shown that its failure to respond to the Complaint was not culpable or willful; it was the result of human clerical error. Supra II.a, II.b., II.c., IV.c.iii. Further, (1) Plaintiff's failure to inform counsel for Blue Lagoon that it was seeking default, including, but not limited to, its inadequate Local Rule 7.1(a)(3) certification claiming it could not communicate with counsel for Blue Lagoon because no counsel had filed a formal appearance in this case, or (2) Plaintiff's failure to send a copy of the Motion to the undersigned despite the Court's Order requiring such (D.E. 14), either of the two standing by itself, is sufficient grounds to vacate the Clerk's Default, either as a sanction under Local Rule 7.1(a)(3), the court's inherent power to enforce its own orders, or under the general equitable principals of *Compania Interamericana* and other cases cited above. *Supre* IV.b. and IV.b.1. Moreover, Blue Lagoon would suffer significant financial loss if this default stands. Therefore, the Court should vacate the Clerk's Default entered in this case (D.E. 13).

## CONCLUSION

Blue Lagoon, by a through undersigned counsel, is making this motion within six (6) days of learning of the Default and within six (6) days of the Default being entered by the Court (D.E.

18 dated September 21, 2023). Blue Lagoon has meritorious defenses to Plaintiff's Complaint, vacating the Final Default Judgment would not prejudice Plaintiff, and Blue Lagoon has shown non-culpable and non-willful good causes for not having answered the Complaint to date. Furthermore, Blue Lagoon is attaching its proposed Answer and Affirmative Defenses (**Exhibit "12"**) to immediately rectify the situation; no delay will result from the Court granting this Motion.

Here, Blue Lagoon was simply the victim of that dreaded sword of Damocles looming over all significant human endeavors: human clerical error. The law cited above holds that the sentence for human clerical error is not the death of this case. The issue presented in the Complaint in this action as to the insurance contract and coverage provided for therein should be decided on the merits and not a tactically orchestrated default. The Court should vacate the Default Final Judgment (D.E. 18) and Clerk's Default (D.E. 13) entered in this case, and should allow it to proceed on the merits.

Dated: September 27, 2023                     Respectfully submitted,

                                             **ALAYON & ASSOCIATES, P.A.**
                                             135 San Lorenzo Ave., Ste. 820
                                             Coral Gables, Florida 33146
                                             Phone: (305) 221-2110
                                             Fax: (305) 221-5321
                                             Email: Pleadings@alayonlaw.com
                                                    LFord@alayonlaw.com
                                                    ralayon@alayonlaw.com

                                             By:   */s/ Luke Ford*
                                                   Luke G. Ford, Esq.
                                                   Florida Bar No.: 121839

## MEET-AND-CONFER CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), on Tuesday, September 26, 2023, I made a phone call and met-and-conferred with Plaintiff's counsel, Mr. Jason M. Chodos, in a good faith effort to resolve the issues raised in this motion and we agreed that we would be unable to resolve the issues raised in the motion.

                                             By:   /s/ Luke Ford
                                                   **Luke G. Ford**, Esq.
                                                   Florida Bar No.: 121839

Blue Lagoon's Motion to Vacate Default Pursuant to Fed.R.Civ.P. 55(c) and 60(b)
Case No. 23-CV-21341-RAR

## <u>CERTIFICATE OF SERVICE</u>

 **I CERTIFY** that a true and correct copy of the foregoing, including all exhibits, was served via CM/ECF e-filing Portal on September 27, 2023 to Jason M. Chodos, Esq. Zelle, LLP, Suntrust International Center, One Southeast Third Avenue, Suite 1600, Miami, FL 33131 at jchodos@zellelaw.com .

       By:  /s/ Luke Ford_____
          **Luke G. Ford**, Esq.
          Florida Bar No.: 121839