UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21341-RAR

**UNITED NATIONAL INSURANCE COMPANY**,

    Plaintiff,

v.

**BLUE LAGOON CONDOMINIUM ASSOCIATION, INC.**,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Vacate Default ("Motion to Vacate"), [ECF No. 19], filed on September 27, 2023, and Defendant's Motion to Consolidate Cases, [ECF No. 21], filed on September 30, 2023.

On September 21, 2023, this Court entered Default Final Judgment in favor of Plaintiff United National Insurance Company ("United National") and against Defendant Blue Lagoon Condominium Association, Inc. ("Blue Lagoon"). On September 27, 2023, Defendant filed a Motion to Vacate Final Default Judgment in which Defendant informed the Court that Defendant and Defendant's counsel did not receive notice of the impending default due to excusable neglect on the part of Defendant's new Registered Agent. Mot. to Vac. at 13–18; *see* Fed. R. Civ. P. 55(c); Fed. R. Civ. P. 60(b)(1).

On October 2, 2023, the Court held a telephonic Status Conference, [ECF No. 23], during which the Court heard argument on the Motion to Vacate and the parties ultimately agreed to (1) a transfer of Case No. 23-cv-23355-RKA to this Court and subsequent consolidation with this case; (2) dismissal of Blue Lagoon's Complaint, [ECF No. 1], in Case No. 23-cv-23355-RKA

without prejudice to Blue Lagoon filing an Answer and Counterclaim in the instant case within 14 days of this Order; and (3) denial of Blue Lagoon's pending Motion to Dismiss, [ECF No. 11], as moot in Case No. 23-cv-23355-RKA.  Accordingly, based on the discussions held with counsel during the Status Conference, and after a thorough review of the record, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Vacate, [ECF No. 19], is **GRANTED** for the reasons set forth on the record during the Status Conference.  *See Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (explaining that defaults are seen with disfavor because of the strong policy of determining cases on their merits); *Trinity Aviation Services, Ltd. v. Lopez*, 635 F. App'x 853, 854 (11th Cir. 2016) ("A district court 'may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)' of the Federal Rules of Civil Procedure.  Rule 60(b) provides that 'the court may relieve a party . . . from a final judgment' based on 'excusable neglect.'  The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.  In order to establish . . . excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.") (internal citations and quotations omitted).

2.  Default Final Judgment as to Defendant, [ECF No. 18], is **VACATED**.

3.  The Clerk's Entry of Default as to Defendant, [ECF No. 13], is **VACATED**.

4.  Defendant's Motion to Consolidate Cases, [ECF No. 21], is **DENIED** as moot.

5.  Defendant shall file an Answer and Counterclaim to Plaintiff's Complaint, [ECF No. 1], within **14 days** of the date of this Order.

6.     The Clerk is directed to **REOPEN** this case and restore it to the active docket.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of October, 2023.

                                         **RODOLFO A. RUIZ II**
                                         **UNITED STATES DISTRICT JUDGE**